UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENT JONES,

    Plaintiff,                                 CASE NO. 06-CV-11925

v.                                           DISTRICT JUDGE DAVID M. LAWSON
                                              MAGISTRATE JUDGE CHARLES E. BINDER
STEVE HOOD, BENCY MATHAI,
PEGGY LEE, DEBBIE ROTH,
STEVE DAKE, TRAVIS JONES,
HAROLD WHITE, JAN EPP,
JIM ARMSTRONG,
GEORGE PRAMSTALLER, and
PATRICIA CARUSO,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's first and third causes of action be *sua sponte* **DISMISSED WITH PREJUDICE** because they fail to state a claim upon which relief can be granted and that Plaintiff's second and fourth causes of action be **DISMISSED WITHOUT PREJUDICE** because Plaintiff has failed to demonstrate exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a).

**II.    REPORT**

    **A.    Introduction**

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge David M. Lawson to the undersigned Magistrate Judge for pretrial

case management pursuant to 28 U.S.C. § 636(b). (Dkt. 3.) Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") and is currently housed at the Baraga Maximum Correctional Facility in Baraga, Michigan. The incidents upon which the complaint are based, however, occurred in 2003 when Plaintiff was incarcerated at the MDOC's Parnall Correctional Facility in Jackson, Michigan. Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on June 12, 2006. After screening the *pro se* prisoner complaint, I conclude that the case is ready for Report and Recommendation.

**B.     Screening Provisions**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A,[1] 28 U.S.C. § 1915(e),[2] and 42 U.S.C. § 1997e(c)(1),[3] the Court

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

  (i)  is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

must *sua sponte* dismiss this case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint "must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**C.     Exhaustion of Administrative Remedies**

This case is also subject to the Prison Litigation Reform Act's mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The plain language of the statute makes exhaustion a precondition to filing an action in federal court . . . ." *Freeman v. Francis*, 196 F.3d 641, 645 (6th

3

Cir. 1999). The exhaustion requirement is mandatory and applies to all prisoner claims regardless of the types of relief offered through a prison's or jail's administrative procedures. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001).

In the Sixth Circuit, prisoners bear the burden of demonstrating that they have met the exhaustion requirement: "[T]his court will henceforth require that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To satisfy the burden of demonstrating exhaustion, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The MDOC provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. A Michigan prisoner must proceed through all three steps of the process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). *See also Booth*, 121 S. Ct. at 1822 (affirming dismissal of § 1983 action where prisoner filed an administrative grievance, but did not "go beyond the first step"). Therefore, to demonstrate exhaustion of administrative remedies, a Michigan prisoner must provide the Court with copies of the grievances he submitted at all three steps regarding each claim he seeks to raise under § 1983, and the administrative responses he received, up to and including the response to his Step III grievance appeal. In the absence of these documents, the grievances filed and the responses received must be described in detail.

4

The Court then reviews the grievances to determine whether each claim against each defendant was specifically raised, because the rule requires that "a prisoner file a grievance against the person he ultimately seeks to sue" so that "the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). Furthermore, "[f]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). The exhaustion requirement is not met if the prisoner did not mention an individual defendant until Step II or Step III of the process. *Id.*

At this time, the rule in the Sixth Circuit is one of "partial exhaustion." In other words, when a prisoner files a mixed complaint – one containing both exhausted and unexhausted claims – the district court must dismiss without prejudice the unexhausted claims, but the case may proceed on the basis of the exhausted claims. *Spencer v. Bouchard*, ___ F.3d ___, 2006 WL 1528876 (6th Cir. 2006) (slip op.) (explaining the tortured history of the "total exhaustion rule" versus the "partial exhaustion rule" in this circuit).

**D.   The Complaint**

Plaintiff's 102-paragraph *pro se* complaint alleges four causes of action: (1) deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment when Plaintiff's special accommodation for gym shoes was discontinued (Compl. ¶ 15-57); (2) retaliatory refusal to provide medical evidence demonstrating that Plaintiff should retain his gym shoe notice (Compl. ¶ 58-67); (3) retaliatory transfer from the Parnall facility to the MDOC's Deerfield facility (Compl. ¶ 68-81); (4) deliberate

5

indifference when Plaintiff was transferred to a facility that could not meet his serious medical need for a toilet in his room (Compl. ¶ 82-88).

Plaintiff did not attach any grievance documentation to his complaint. "[I]n the absence of written documentation," a prisoner may satisfy the exhaustion rule by "describ[ing] with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640,642 (6th Cir. 2000). Accordingly, since the case can only proceed on the exhausted claims, the Court must determine on a claim-by-claim basis whether Plaintiff has specifically described the grievances he submitted and the responses he received so as to have satisfied the exhaustion rule.

      **a.**      **Discontinuance of Special Accommodation for Gym Shoes**
             **(Grievance Nos. SMT-03-04-02642-12I & SMT-03-04-02613-12z)**

In paragraphs 23 through 25 of the complaint, Plaintiff alleges that he submitted grievances against Defendants Hood and Mathai and fully exhausted them through step 3 of the grievance process. The grievances stemmed from an incident on April 21, 2003, when Plaintiff was called out to a psychiatrist appointment in the Med/Psyche building. Plaintiff states that he was stopped by Defendant Sergeant Hood, who told him that he was not allowed to wear gym shoes in that building. (Compl. ¶ 15.) When Plaintiff told Sergeant Hood that he had a "special accommodation notice" allowing him to wear gym shoes, Sergeant Hood ordered him to retrieve the notice from his cell, which he did. When Plaintiff returned with the notice, he saw that Sergeant Hood was holding his medical file. Plaintiff claims that Sergeant Hood took the notice and the medical file to the medical section of the building, and then returned and ordered Plaintiff to go to Dr. Mathai's office. Once there, Plaintiff alleges that Dr. Mathai informed him that after reviewing his records she had decided to cancel his special accommodation allowing him to wear gym shoes instead of traditional state-issued prison shoes. (*Id.* ¶ 19.) Plaintiff thus alleges that

6

> Defendant Mathai cancelled plaintiff's notice on orders from defendant Hood. And issued no substitute plan for care of plaintiff who had a medical foot condition creating a "deliberate indifference" to plaintiff's medical needs exhibiting a denial of medical care and hippocratic oath.

(Compl. ¶ 56.)

Plaintiff states that the grievances against Defendants Hood and Mathai were denied at all three steps. He quotes as follows from the step two response to the grievance against Sergeant Hood, which Plaintiff received after he had been transferred to another facility:

> . . . you do not meet the criteria medically to be allowed to wear gym shoes, or tennis shoes at all time[s] . . . You have been seen by Dr. Pandya at your new facility, and been informed no Special Accommodation to wear tennis shoes. You were instructed to get proper fitting state shoes. This is accomplished through the Quartermaster.

(Compl. ¶¶ 26-27.) Plaintiff acknowledges that by the time he filed the complaint he had received properly-fitting state shoes. (Compl. ¶ 54.)

I suggest first that Plaintiff has sufficiently demonstrated that these claims against Defendants Hood and Mathai were exhausted by specifically describing the grievances, alleging that they were pursued through all three steps of the process, and quoting from at least one of the responses. However, I suggest that the claims nevertheless are subject to dismissal with prejudice because Plaintiff has failed to state an Eighth Amendment violation. The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. The Court explained that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.

7

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). The Constitution "'does not mandate comfortable prisons.'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 349). Rather, "routine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (quoting *Rhodes*, 452 U.S. at 347).

In *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992), the Sixth Circuit held that a prisoner-plaintiff who alleged deliberate indifference to serious medical need "did not suffer a serious deprivation because his injuries were not serious enough to require immediate medical attention." *Id.*[4] Published case law from other circuits provides further guidance on what constitutes a sufficiently-serious deprivation to state an Eighth Amendment claim. *See, e.g., Sealock v. Colorado*, 218 F.3d 1205 (10th Cir. 2000) (prison guard's delay for several hours to obtain help for inmate suffering from severe chest pains was sufficiently serious to satisfy objective element of deliberate indifference test); *Koehl v. Dalsheim*, 85 F.3d 86 (2d Cir. 1996) (prison officials' deprivation of prisoner's eyeglasses, which were necessary to correct double

---

[4] The plaintiff alleged he was suffering from chest pains and burns from the application of a stun gun. *Caldwell*, 968 F.2d at 597.

8

vision and loss of depth perception resulting from prior head injury, was sufficiently serious to state an Eighth Amendment claim).

Examples also abound of deprivations that were found <u>not</u> sufficiently serious to state an Eighth Amendment claim. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (breathing problems, chest pains, dizziness, sinus problems, and headaches are "not sufficiently serious to be constitutionally actionable"); *Snipes v. DeTella*, 95 F.3d 586 (7th Cir. 1996) (prison doctor's denial of anesthetic while removing inmate's toenail was not sufficiently serious deprivation to constitute a denial of the minimal civilized measure of life's necessities); *Johnson v. Kachelmeyer*, 2006 WL 625837, *10 (W.D.N.Y. March 9, 2006) ("Plaintiff's several contusions and sprained ankle clearly fall into the . . . category of injuries that are not sufficiently serious to raise an Eighth Amendment claim); *Warren v. Purcell*, 2004 WL 1970642, at *8 (S.D.N.Y. Sept.3, 2004) (swollen ankle and other ailments not sufficiently serious to rise to the level of an Eighth Amendment violation); *Coqueran v. Eagen*, 2000 WL 96768, at *4 (E.D.N.Y. Jan. 20, 2000) (painful sprained ankle does not satisfy sufficiently serious requirement); *Pendergrass v. Hodge*, 53 F. Supp. 2d 838 (E.D. Va. 1999) (denial of prescribed acetaminophen and ice for swelling following prisoner's fall was not a sufficiently serious deprivation to come within the ambit of the Eighth Amendment's protection); *Miller v. Michigan Dep't of Corrections Health Care Providers*, 986 F. Supp. 1078 (W.D. Mich. 1997) (intermittent delays during three-day period in supplying inmate with adult undergarments for incontinence were not sufficiently serious deprivations to establish Eighth Amendment violation).

In this case, Plaintiff asserts that the "state shoes did not properly fit his feet, of [sic] which was evident by the areas of formation of corns and callous[es] that repeatedly plagued plaintiff's feet." (Compl. ¶ 44.) He later clarifies that, originally, the special accommodation notice was "not

issued because plaintiff had corns [and] callous[es] on his feet," but that the corns and callouses do demonstrate the ill-fitting nature of the state shoes. (*Id.* ¶ 49.) Plaintiff asserts that the special accommodation notice was originally issued because he has "abnormal" feet and wearing state-issued shoes caused him "duress and limited walking." (*Id.*)

I suggest that Plaintiff has failed to state a claim under the caselaw cited above because Plaintiff's medical needs were clearly not serious enough to require immediate medical attention, *see Caldwell*, 968 F.2d at 602, and there is no indication that Plaintiff was deprived of the "minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298. Dr. Mathai's decision to cancel Plaintiff's gym-shoe accommodation is not, I suggest, a sufficiently-serious deprivation to offend "evolving standards of decency." *See Estelle*, 429 U.S. at 106. Accordingly, I suggest that Plaintiff's claims against Defendants Hood and Mathai regarding the discontinuance of his special accommodation fail to state an Eighth Amendment violation and therefore are subject to *sua sponte* dismissal with prejudice.

        **b.**        **Retaliation Claim Against Defendants Mathai, Lee, Roth & Epp**

Plaintiff's second cause of action asserts that Defendants Mathai, Lee, Roth & Epp retaliated against him for submitting grievances against the health care department in the past when they "failed [to] provide medical evidence that plaintiff should retained [sic] his gym shoe notice." (Compl. ¶ 64.) The complaint does not allege, however, that Plaintiff ever submitted a grievance against any of these four defendants accusing them of retaliation that was pursued through all three steps of the grievance process. Accordingly, I suggest that these retaliation claims are subject to *sua sponte* dismissal without prejudice for failure to comply with the exhaustion rule of 42 U.S.C. § 1997e(a), which is a "mandatory threshold requirement in prison litigation." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

### c. Retaliatory Transfer

Plaintiff's third cause of action alleges that Defendants Roth, Dake, Jones and White transferred him to the Deerfield facility on June 5, 2003, in retaliation for "filing grievances relating to the inactions of staff concerning cancellation of notice to wear gym shoes" and for filing a habeas corpus petition naming the warden as respondent. (Compl. ¶¶ 68-69.) He claims that he filed grievances alleging retaliatory transfer and that those grievances were denied at all three steps. (Compl. ¶¶ 76-78.)

Retaliation based on a prisoner's exercise of his First Amendment rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). A First Amendment retaliation claim consists of three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Id*.

I suggest that Plaintiff's complaint does not state a claim of retaliation upon which relief can be granted because it fails on both the second and third elements. With regard to the second element, the Sixth Circuit has "repeatedly held that transfer from one prison to another prison cannot rise to the level of an 'adverse action' because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." *Smith v. Yarrow*, 78 Fed. Appx. 529 (6th Cir. 2003) (quotation omitted) (collecting cases). With regard to the third element, Plaintiff's claim fails because it is clear from the allegations of the complaint that there is no causal connection between the grievances filed against Defendants Hood and Mathai for the discontinuance of the gym-shoe accommodation and the transfer which allegedly was initiated

11

and/or approved by Defendants Roth, Dake, Jones and White. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (retaliatory animus could not be inferred where plaintiff failed to show that defendants were involved in or affected by his prior protected conduct of litigation). Likewise here there is no indication that Defendants Roth, Dake, Jones or White were involved in or affected by Plaintiff's gym-shoe grievances against Defendants Hood and Mathai, and although Plaintiff also mentions his 2002 habeas corpus petition which named Warden White as the respondent as a possible genesis of retaliatory motive, the rules governing habeas corpus practice require the warden of the facility to be so named and that fact therefore does not give rise to such an inference on the part of the warden.

In short, Plaintiff has made conclusory allegations of retaliation against Defendants Roth, Dake, Jones and White, and conclusory allegations of retaliatory motive "unsupported by material facts will not be sufficient to state . . . a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987). *See also Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994) (unpublished) (holding that the plaintiff's claim of retaliatory transfer was "wholly conclusory and so [was] insufficient to state a cause of action under § 1983").

For these reasons, I suggest that Plaintiff's third cause of action fails to state a claim and therefore is subject to *sua sponte* dismissal with prejudice.

### d. Denial of Medical Care

Plaintiff's final cause of action asserts that his transfer in June 2003 from Parnall to Deerfield constituted an unconstitutional denial of medical care because at Parnall he had a toilet in his cell, which he needs due to a medical condition causing frequent urination, but at Deerfield there are no cells with toilets and therefore they instead gave him a "continuous access to rest-room

(with staff permission) notice." (Compl. ¶¶ 74, 82.) Liberally construed, Plaintiff is again alleging deliberate indifference to serious medical need in violation of the Eighth Amendment.

I suggest that this claim be *sua sponte* dismissed without prejudice for failure to demonstrate exhaustion of administrative remedies because Plaintiff has not sufficiently demonstrated that he satisfied 42 U.S.C. § 1997e(a). The exhaustion rule requires that "a prisoner file a grievance against the person he ultimately seeks to sue" and that this person be named in the first- step grievance. *Curry,* 249 F.3d at 505; *Burton*, 321 F.3d at 575. Here, since Plaintiff has not attached his grievance documents to the complaint, he is required to specifically explain the content of the grievances filed and the administrative responses. With regard to this claim, Plaintiff asserts that he submitted grievance number SMT-03-06-02869-24z alleging that "staff" transferred him to a facility that could not meet his medical accommodation needs for having a toilet in his room. (Compl. ¶ 82.) He states that the grievance was denied on June 13, 2003, by Defendant Dake with Defendant Jones serving as reviewer of the grievance. (*Id*.)

I suggest that Plaintiff has failed to demonstrate exhaustion because he has not alleged or shown that he named any of the defendants in his Step I grievance with regard to this claim. (Compl. ¶ 82.) The mere mention of the word "staff" in a grievance does not satisfy the Sixth Circuit's rule set forth in *Curry, supra,* and Defendants Dake and Jones' acts of reviewing the grievance does not subject them to liability for a civil rights violation, *see Miller v. Bock*, 55 Fed. Appx. 310, 311-12 (6th Cir. 2003). Therefore, I suggest that this final claim be *sua sponte* dismissed without prejudice.

13

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                               s/ *Charles E. Binder*
                                               CHARLES E. BINDER
Dated: June 21, 2006                             United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Kent Jones and Honorable David M. Lawson.

Dated:  June 21, 2006                        By          s/Mary E. Dobbick
                                                           Secretary to Magistrate Judge Binder