UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENT JONES,

               Plaintiff,

v.                                                              Case No. 06-11925-BC
                                                             Honorable David M. Lawson

STEVE HOOD, BENCY MATHAI, PEGGY
LEE, DEBBIE ROTH, STEVE DAKE,
TRAVIS JONES, HAROLD WHITE, JAN
EPP, JIM ARMSTRONG, GEORGE
PRAMSTALLER, and PATRICIA CARUSO,

               Defendants.
_____/

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AS MOOT

On July 13, 2006, the Court adopted the magistrate judge's report and recommendation dismissing the plaintiff's complaint. This matter is now before the Court on the plaintiff's application to proceed *in forma pauperis* on appeal and his motion for a certificate of appealability..

I.

Under Federal Rule of Appellate Procedure 24(a)(3), a party who was permitted to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization, unless "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." *See also Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). Explaining that "not all unsuccessful claims are frivolous," the Sixth Circuit has held that a

complaint is frivolous if a plaintiff "cannot make any claim with a rational or arguable basis in law or in fact." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (quoting *Neitzke v. Williams*, 490 U.S. 319, 329 (1989), and *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990)).

## II.

The plaintiff filed this *pro se* action under 42 U.S.C. § 1983, alleging Eighth Amendment violations and retaliation involving the revocation of the plaintiff's special accommodation for gym shoes, his need for a cell with a toilet, and his transfer to another prison. The Court referred the case to Magistrate Judge Charles E. Binder, who granted the plaintiff's motion to proceed without prepayment of fees, and the plaintiff proceeded with the matter on pauper status pursuant to 28 U.S.C. § 1915. The Court ultimately adopted the magistrate judge's report and dismissed the complaint for failure to exhaust counts two and four and failure to state a claim in counts one and three. The plaintiff had filed objections to the magistrate judge's report and recommendation. In the Amended Order adopting the magistrate judge's report, the Court found that the plaintiff's objections were untimely and without merit.

The plaintiff's appeal would be frivolous if he waived his right to appeal by failing to file timely objections to the magistrate judge's report and recommendation. However, the plaintiff's application to proceed IFP argues that his objections were timely under the prison mailbox rule. Under the prison mailbox rule, prisoner submissions are deemed filed on the date they are signed, absent evidence to the contrary. *Towns v. United States*, 190 F.3d 468, 468 (6th Cir.1999); *Hudson v. Martin*, 68 F. Supp. 2d 798, 799 n.2 (E.D. Mich. 1999). Because the plaintiff signed his objections on July 6, 2006, and there is no evidence in the record to the contrary, this Court will

assume that this was the date that the plaintiff actually filed his objections with the Court. The plaintiff's objections therefore were timely filed, and his appeal is not frivolous.

Under the circumstances of this case, the Court concludes that the plaintiff's appeal is taken in good faith. Although the plaintiff's appeal is plainly without merit, it does have a rational or arguable basis in law and fact. Moreover, the Court has not received any information indicating that the plaintiff's financial status has changed. Therefore, the plaintiff may continue to proceed *in forma pauperis* on appeal.

The plaintiff has also filed a motion for a certificate of appealability (COA). However, a COA is only required in habeas corpus cases. 28 U.S.C. § 2253(c). The plaintiff's motion will therefore be denied as moot.

III.

Accordingly, it is **ORDERED** that the application to proceed *in forma pauperis* on appeal [dkt # 16] is **GRANTED**.

It is further ORDERED that the motion for a certificate of appealability [dkt # 14] is **DENIED**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: August 24, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2006.

> s/Tracy A. Jacobs
> TRACY A. JACOBS