UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT JONES,

           Plaintiff,           Case No. 06-11925
v.                                    Honorable David M. Lawson
                                     Magistrate Judge Charles E. Binder
BENCY MATHAI,

           Defendant.
_____/

**ORDER REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, SUSTAINING PLAINTIFF'S OBJECTIONS,
OVERRULING DEFENDANT'S OBJECTIONS, DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, AND REFERRING
CASE FOR FURTHER CONSIDERATION**

This matter is before the Court on the third report and recommendation filed by Magistrate Judge Charles E. Binder, which deals with defendant Bency Mathai's second motion for summary judgment. The history of the case is well known to the parties and need not be repeated here, except to say that the plaintiff, who was a prisoner in the custody of Michigan's Department of Corrections but presently is on parole, filed a four-count complaint alleging that he has a foot condition that is aggravated by wearing state-issued prison shoes. He apparently had permission to wear commercially-available athletic shoes, but that permission was withdrawn. He contends that withdrawal of this permission amounted to a violation of his federal constitutional rights by several individuals. Through previous motion practice, an appeal, and remands, all the defendants and all the claims were dismissed but one: that Dr. Bency Mathai, the remaining defendant, retaliated against the plaintiff by cancelling the authorization for special shoes because he exercised his First Amendment right to file non-frivolous grievances. After the Court granted various motions by several former defendants, the Court referred the case back to Judge Binder to complete pretrial

proceedings under 28 U.S.C. § 636(b)(1)(B). Although defendant Mathai already had filed a motion for summary judgment in the case in November 2007 attacking the remaining count of the complaint, which the Court had denied in part, Judge Binder entertained another motion raising the same issues. Apparently, he allowed a period of formal discovery followed by a motion deadline. Judge Binder then filed a report on April 30, 2009 recommending that defendant Mathai's motion be granted. He concluded that there was no evidence in the record creating a fact issue on the causation element of a retaliation claim, because he did not find that the plaintiff filed a grievance *before* Mathai cancelled his special shoe authorization, and other protected activity was too remote in time to support an inference of causation.

Both parties filed timely objections. The defendant challenged the magistrate judge's determination that the defendant's cancellation of the special shoe authorization would have deterred a person of ordinary firmness from engaging in protected activity. The plaintiff contended that the magistrate judge overlooked evidence that the plaintiff in fact had filed grievances against Dr. Mathai and the medical staff before the cancellation, and other evidence taken in the light most favorable to him supported an inference of causation.

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections, and has made a *de novo* review of the record in light of the parties' submissions. The Court finds that fact issues preclude summary judgment. Therefore, the magistrate judge's recommendation will be rejected and defendant Mathai's second motion for summary judgment will be denied.

I.

The parties are familiar with the facts. To summarize, Jones was incarcerated at Parnall Correctional Facility ("SMT") in 2002 and 2003. He claims that he suffers from "a[b]normal feet" that do not fit the normal state-issued walking shoes, which cause him to develop painful "corns (callous)" on his feet. Compl. at ¶ 49. After X-rays were taken of the plaintiff's feet, he was issued a notice of special accommodation on December 6, 2000 that permitted him to wear tennis shoes. He says that on April 21, 2003, defendant Mathai cancelled the plaintiff's accommodation. The plaintiff claims that he reported for a psychiatrist call-out on that date to be considered for placement in the assaultive offender group, and therefore he had to report to the SMT Med/Psych building. He arrived and was stopped by Steve Hood, a guard (and formerly a defendant in this case), who told him that gym shoes were not allowed in the building. When he reported that he had a special accommodation, Hood ordered him to retrieve the notice from his cell and report back. The plaintiff complied and then saw that Hood had his medical file. Hood then took the notice, placed it with the file, and stated, "you will not be getting this back!" Compl. at 17. The plaintiff was then led to defendant Mathai's office, even though there was no appointment scheduled. Mathai then told the plaintiff, "I have reviewed your records and I am cancelling your 'special accommodation notice' to wear 'gym shoes.'" Compl. at 19. The plaintiff claims that Dr. Mathai cancelled the accommodation under orders from MDOC staff, specifically Sergeant Hood, in retaliation for his protected activity of filing grievances.

The plaintiff filed a number of grievances after the cancellation, but he had not submitted to the magistrate judge copies of grievances filed beforehand. He did refer to prior-filed grievances in his filings, however.

The parties do not dispute the governing law that applies to claims of retaliation for exercising First Amendment rights. The standard was set forth by the Sixth Circuit in *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc):

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

The parties agree that the record supports the first element, as well they should. "An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *see also Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007).

In his report, Judge Binder concluded that the second element was satisfied as well. He drew that conclusion from the Court's prior order in this case so finding. The defendant has objected to that conclusion on the ground that the prior finding was made in the context of a motion to dismiss, and the present motion is for summary judgment, which requires the application of different standards.

Judge Binder found no evidence to support the third element. He reasoned that since the plaintiff did not file grievances until after the special accommodation was removed, there could be no causal connection between the protected conduct and the adverse action. He found that there was no evidence that the defendant was aware of the plaintiff's other protected activity, the threat to contact a lawyer. He also noted that the plaintiff did not claim that he was retaliated against because of a threat to file a lawsuit, but instead was retaliated against at the request of Sergeant Hood. The

magistrate judge found a lack of temporal proximity between the threat and the removal of the special accommodation, which prevented him from drawing a reasonable inference of retaliation.

The plaintiff's objections consist mainly of additional evidence he did not submit to the magistrate judge. He also criticizes the magistrate judge for not mentioning the MDOC shoe policy guideline, which did not permit the defendant to cancel his accommodation without an examination. He acknowledges that he had an examination on November 6, 2002, but notes that the April 21, 2003 cancellation order did not refer to that examination. The plaintiff further argues that Dr. Mathai did review the progress notes she claims not to have seen, which was evidenced by the fact that she berated the plaintiff and urged him to file a grievance on November 6, 2002, which is exactly what he did.

The plaintiff objects to the magistrate judge's finding that he did not file grievances against the defendant before April 21, 2003. He says that he previously listed the grievances he filed in his answer to the defendant's motion for summary judgment (as well as in other places in the record). These grievances addressed the improper treatment of his eye condition by Dr. Mathai on November 6, 2002; the improper care of his left arm, back, and foot condition, also by Dr. Mathai; and removing a comment about legal action in his medical records. The plaintiff contends that he was engaged in protected conduct throughout the appeals process on these grievances, which concluded on February 20, 2003. He reasons that because MDOC policy requires questioning of the object of the grievance, defendant Mathai must have known about the plaintiff's grievances against her. The plaintiff attached as exhibits to his objections the relevant grievances that could be considered protected activity. He had not submitted these earlier, and the magistrate judge apparently did not have the benefit of that evidence.

II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to review the motion independently. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotes omitted).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics*

& *Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002). Thus a factual dispute which "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999).

A *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* litigant is subject to the same rules of procedure and evidence as litigants who are represented by counsel. *See Faretta v. Cal.*, 422 U.S. 806, 834 n.46 (1975).

A.

The defendant contends that the magistrate judge should not have adopted this Court's conclusion in its prior opinion that cancellation of the special shoe accommodation amounted to adverse action within the meaning of *Thaddeus-X v. Blatter*, because Rule 56 imposes a more exacting standard of proof than does Rule 12(b)(6). That objection ignores the fact that the defendant's prior motion sought both dismissal and summary judgment. The question raised in this case as to the adverse action element is whether denial of the shoe accommodation was sufficiently severe as to "deter a person of ordinary firmness from continuing to engage in" filing grievances.

*Thaddeus-X*, 175 F.3d at 394. The defendant does not dispute that the accommodation was denied; rather she insists that action was *de minimis*  However, the plaintiff contends that having to wear standard shoes caused painful sores on his feet, and he has submitted medical notes confirming a major problem with "calcaureal spurs and bilat. feet." Pl.'s Obj. at 35 [dkt #95], MDOC Problem List. A fact issue exists as to the medical consequences of the defendant's action. The inference that may be drawn from that medical fact was the subject of the prior ruling, in which the Court, after citing cases holding that the denial of medical care may constitute "adverse action," stated: "As the cited cases demonstrate, interfering with a prisoner's medical treatment – here causing the plaintiff to wear shoes that cause him to develop painful sores – may constitute adverse action that would deter a prisoner of ordinary firmness from exercising his right to speak out. The plaintiff has satisfied the second prong." Order Adopting in Part & Rejecting in Part Rep. & Rec. at 15 [dkt #101]. The Court's previous holding, therefore, remains pertinent and applicable to the present motion, as the magistrate judge suggested. Moreover, in the specific context of summary judgment, whether an activity would pose a sufficient deterrent is seldom a question of law and should be determined by a jury unless it is truly inconsequential. *See Bell v. Johnson*, 308 F.3d 594, 603-04 (6th Cir. 2002) (awarding damages was proper where a prisoner was retaliated against by having his medical diet snacks confiscated because it could have deterred others from making legal claims). The defendant's objection, therefore, will be overruled.

B.

The plaintiff's objection presents the question whether the Court should consider information submitted for the first time in an objection to a magistrate judge's report and recommendation. The authorities are divided on that point, *compare Hynes v. Squillace*, 143 F.3d 653 (2d Cir. 1998)

(holding that the defendant's evidence addressed claims that the plaintiff had stated already and it was not an abuse of discretion for the district court to consider the supplemental evidence), *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888 (3d Cir. 1992) (holding that when a district court conducts *de novo* review, the district court must hold a *de novo* hearing, which allows for introduction of evidence at the court's discretion), *United States v. George*, 971 F.2d 1113 (4th Cir. 1992) (holding that a district court is required to consider all evidence and arguments directed to any issue to which proper objection is made, regardless of whether they were raised before the magistrate judge), *with United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2001) (noting that it would be "fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait and see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge" (internal quotation marks omitted)); *Freeman v. County of Bexar*, 142 F.3d 848, 851-52 (5th Cir. 1998) (stating that parties ought not be allowed to use a magistrate judge as a "sounding-board for the sufficiency of evidence," and a party should have to show "compelling reasons" for the evidence's prior non-disclosure), and the Sixth Circuit has not established rigid guidelines for considering evidence first submitted in objections to the magistrate judge's report. The Supreme Court has held that new evidence first presented in the objections to the magistrate judge's report must not be rejected simply because it was not presented to the magistrate judge. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citing *Freeman v. Bexar*, 142 F.3d 848 (5th Cir. 1998)).

The Sixth Circuit addressed the issue, although nor definitively, in another prisoner retaliation case decided in this Court by the same judge and magistrate judge: *Muhammad v. Close*, 379 F.3d 413 (6th Cir. 2004). In that case, the court remanded an appeal of a summary judgment

for the defendant instructing the Court to consider an affidavit submitted for the first time with the objections to the magistrate judge's report. *Id.* at 417 (stating that the affidavit "was filed with the district court as an exhibit attached to Muhammad's objections to the magistrate's report and recommendation," and was "a significant piece of evidence that-along with the other evidence in this case-must be examined in connection with the causation analysis"). The Court believes that the better practice in this case is to consider the plaintiff's newly-presented evidence of the grievances attached to his objections.

The new evidence consists of grievances the plaintiff filed on November 8, November 12, and December 18, 2002 against the defendant and other medical staff complaining of poor medical treatment. Grievance SMT-02-11-01684-12D alleges mistreatment of shoulder, back, and feet pain, grievance SMT 02-11-01644-12D alleges mistreatment of an eye infection, and grievance SMT-02-11-011695 seeking the removal of information in his medical file concerning his statements about seeking a lawyer. The defendant swears in her affidavit that she had no knowledge of the plaintiff's grievances. Mot. for Summ. J. [dkt #112], Ex. B, aff. of Dr. Bency Mathai, at ¶ 12. In response, the plaintiff argues that the defendant must have had some knowledge about his protected activities, because she berated him about the lawyer comments in his medical records on one occasion. Pl.'s Obj. at ¶ 10. Taking the facts in the light most favorable to the plaintiff, a reasonable fact finder could conclude that even if the defendant did not know about the specific grievances, she did know that the plaintiff was engaging in some form of protected conduct based on her alleged comments.

The question remains whether a fact finder could draw the conclusion that the defendant's cancellation of the shoe accommodation the following April was motivated by the protected activity five months earlier. Before addressing that exact question, the Court must observe that filing a

grievance within the MDOC does not conclude the matter. Rather, the grievance must be processed through three steps, so by the time the plaintiff's grievances were finally denied, the proximity to the adverse action totaled about two months. That time lapse is short enough to allow an inference of causation. *See Asmo v. Keane, Inc.*, 471 F.3d 588, 594 (6th Cir. 2006) (holding that a temporal proximity of approximately two months was sufficient to infer a causal relationship); *see also Muhammad*, 379 F.3d at 417-18 (stating "that temporal proximity alone may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive'") (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)).

The record also contains other circumstantial evidence that could support an inference of causation. The plaintiff alleges that his special accommodation was cancelled without an appointment or an examination, and that MDOC policy requires an examination of the prisoner prior to cancelling his special accommodation notice. Def.'s Resp. to Pl.'s Obj. to R&R [dkt # 96], Ex. A, MDOC Policy Directive at ¶ K. A doctor should examine a patient before deciding whether the patient has an ailment if the patient supposedly has a serious medical condition. *Cf. Scicluna v. Wells*, 345 F.3d 441, 447 (6th Cir. 2003). The defendant asserts that she cancelled the petitioner's accommodation because "he did not have a medical need requiring the shoes." Mot. for Summ. J. [dkt #112] at 19 & Ex. B, aff. of Dr. Bency Mathai ¶ 16. The plaintiff, however, points out that his special accommodation was honored during previous trips to see Dr. Mathai, he had been transported to and arrived in his tennis shoes at this facility, and it was not until after he filed grievances that his accommodation was questioned and revoked.

The Court finds that the facts presented preclude a conclusion as a matter of law that no causal relationship exists between the protected conduct and the adverse action. Viewing the facts

in the light most favorable to the plaintiff, the Court believes a reasonable fact finder could find all the elements of the plaintiff's retaliation claim.

III.

On *de novo* review, the Court cannot accept the magistrate judge's recommendation to grant the defendant's second motion for summary judgment. Count two of the plaintiff's complaint cannot be decided as a matter of law as to defendant Mathai. Fact questions preclude summary judgment.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation [dkt. #118] are **SUSTAINED**.

It is further **ORDERED** that the defendant's objections to the magistrate judge's report and recommendation [dkt. #117] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt #116] is **REJECTED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #112] is **DENIED.**

It is further **ORDERED** that the matter is referred to Magistrate Judge Charles E. Binder under the previous reference order [dkt #3] to ready the matter for trial on count two of the complaint as to the remaining defendant, and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 31, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2010.

                                      s/Teresa Scott-Feijoo
                                      TERESA SCOTT-FEIJOO