UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT JONES,

                Plaintiff,                              Case No. 06-11925

v.                                                        Honorable David M. Lawson

BENCY MATHAI,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR SUMMARY JUDGMENT

On March 31, 2010, this Court entered an order denying the defendant's second motion for summary judgment. The defendant belatedly moved for reconsideration, and the Court requested a response from the plaintiff after counsel was appointed for the plaintiff.

The history of the case is well known to the parties and need not be repeated here, except to say that the plaintiff, who was a prisoner in the custody of Michigan's Department of Corrections but presently is on parole, filed a four-count complaint alleging that he has a foot condition that is aggravated by wearing state-issued prison shoes. He apparently had permission to wear commercially-available athletic shoes, but that permission was withdrawn. He contends that withdrawal of this permission amounted to a violation of his federal constitutional rights by several individuals. Through previous motion practice, an appeal, and remands, all the defendants and all the claims were dismissed but one: that Dr. Bency Mathai, the remaining defendant, retaliated against the plaintiff by cancelling the authorization for special shoes because he exercised his First Amendment right to file non-frivolous grievances. The magistrate judge recommended that defendant Mathai's motion be granted, but the Court rejected that report and recommendation, finding that fact issues precluded summary judgment.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The defendant first argues that the Court erred in finding that the elements of a First Amendment retaliation claim are present in this case because in a previous order, the Court held that the plaintiff's need for gym shoes did not constitute an objectively serious medical need protected by the Eighth Amendment. The defendant contends the ruling is the law of the case and requires dismissal of the remaining claim.

As the Court stated in its prior opinion denying summary judgment, the governing law that applies to claims of retaliation for exercising First Amendment rights was set forth by the Sixth Circuit in *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc):

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

"Under the law-of-the-case doctrine, rulings made at one point in the litigation should continue to govern in subsequent stages of that litigation." *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 308 (6th Cir. 2008) (citing *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004); *Rouse v. DaimlerChrysler Corp. UAW*, 300 F.3d 711, 715 (6th Cir. 2002)). "'Law-of-the-case rules have

developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003) (quoting 18B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4478 (2d ed. 2002)).

But these legal principles talk past the basic flaw in the defendant's argument, which ignores the reality that an adverse action for First Amendment retaliation purposes does not equate to a serious medical need under a deliberate-indifference analysis under the Eighth Amendment. To state an Eighth Amendment claim, a plaintiff must allege that the medical need asserted is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Sixth Circuit has stated that part of that inquiry requires a determination whether the injury is "obvious," i.e. "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)). In contrast, an adverse action is one that would "deter a person of ordinary firmness from continuing to engage in" the protected conduct. *Thaddeus-X*, 175 F.3d at 394; *see also Paeth v. Worth Twp.*, 705 F. Supp. 2d 753, 767 (E.D. Mich. 2010). "Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Thaddeus-X*, 175 F.3d at 398. However, as noted by the Court in its order denying summary judgment, there is evidence in the record from which a reasonable jury could find in favor of plaintiff and this is best considered a fact issue for the jury. A determination of the seriousness of a medical need on the Eighth

Amendment claim does not equate to a favorable finding for the defendant on a retaliation claim. There is no palpable defect in the Court's opinion on this issue and reconsideration is not warranted.

The defendant next argues that reconsideration is warranted because *the plaintiff* did not present his complete medical file in responding to the defendant's motion for summary judgment. The defendant presented additional records with her motion for reconsideration. She has not provided any reason for not furnishing those records when she filed her motion or reply.

A motion for reconsideration, much like a motion to alter or amend a judgment under Federal Rule of Civil Procedure, is not for the purpose of "proffer[ing] a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996). Nor is it an appropriate vehicle for raising new facts or arguments. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re*consideration, not initial consideration").

The defendant apparently made a strategic choice not to include the complete medical file with its earlier motion. The reasons for omitting that information are not readily apparent. However, the defendant has offered no justification for its belated attempt to re-argue the same issues addressed earlier by the Court. There is no basis to permit reconsideration based on the contention that additional evidence could be considered.

The same can be said with respect to the testimony of Dr. Haresh Pandya, who apparently examined the plaintiff and determined that the plaintiff did not require an accommodation for his feet. According to his affidavit, Dr. Pandya treated the plaintiff in 2003. There is no explanation

for defense counsel's failure to include this information with the summary judgment papers. Reconsideration is not warranted on this ground.

Next, the defendant argues that the Court failed to consider the plaintiff's admission that Dr. Mathai encouraged him to file the grievances in this case. However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3). The defendant essentially is asking the Court to reweigh the evidence it previously considered in ruling on the summary judgment motion. The Court had this evidence before it on its initial review of the magistrate judge's report, and the fact that the defendant does not believe the Court gave the evidence sufficient consideration does not rise to the level of a palpable defect. Moreover, the fact that the defendant may have encouraged the plaintiff to file grievances does not necessarily undermine the plaintiff's argument that the defendant denied the accommodation in retaliation for engaging in protected conduct. Reconsideration will be denied on this ground.

In the defendant's final two arguments, she contends that the Court improperly relied on unsworn statements by the plaintiff when it found that fact issues precluded summary judgment. It is true that the plaintiff's assertions came from without the benefit of an oath. However, *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The *pro se* plaintiff's response to the summary judgment motion, coming from his own mouth, satisfied the burden cast upon him by Rule 56. As the Sixth Circuit explained,

> The submissions by a party opposing a motion for summary judgment need not themselves be in a form that is admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S.

> 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). Otherwise, affidavits themselves, albeit made on personal knowledge of the affiant, may not suffice, since they are out-of-court statements and might not be admissible at trial. *See* Fed. R. Evid. 801(c), 802. However, the party opposing summary judgment must show that she *can* make good on the promise of the pleadings by laying out enough evidence that *will be* admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary.

*Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). The plaintiff made a showing through his own statements, albeit unsworn, that he could testify to facts at trial that would create fact questions on the material points in dispute.

The defendant has not identified an error in the Court's previous opinion that requires or justifies reconsideration, especially at this late date in the litigation. For the reasons stated, the Court finds no merit in the motion.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration of the order denying her motion for summary judgment [dkt #125] is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 29, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 29, 2010.

s/Deborah R. Tofil
DEBORAH R. TOFIL