UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT JONES,

        Plaintiff,                      Case No. 06-11925

v.                                           Honorable David M. Lawson

BENCY MATHAI,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S FOURTH MOTION
## TO DISMISS OR FOR SUMMARY JUDGMENT

Before the Court is a motion filed by the defendant, which she styles as a motion to dismiss or for summary judgment "regarding plaintiff's recently added retaliation claim." The gist of the motion is that the Court recently allowed the plaintiff to add a theory of liability on the eve of trial, and the plaintiff never filed a grievance on that claim to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Because the motion is based on a false premise that arises from a mischaracterization of the record, and otherwise lacks merit, the Court will deny it.

I.

At the time his cause of action arose, the plaintiff was a prisoner in the custody of the Michigan Department of Corrections (MDOC). He alleges in his complaint that prison officials were deliberately indifferent to his medical needs and retaliated against him for filing a non-frivolous grievance concerning his medical care. The remaining defendant is Bency Mathai, a prison physician.

The plaintiff claims that he suffers from "a[b]normal feet" that do not fit the normal state-issued walking shoes, which cause him to develop painful "corns (callous)" on his feet. Compl ¶ 49. According to the complaint, after X-rays were taken of the plaintiff's feet, he was issued a

notice of special accommodation on December 6, 2000, permitting him to wear tennis shoes. The plaintiff currently uses "special ordered deep box state shoes at his [then-]current facility." Compl. ¶ 54. He was permitted to wear gym shoes at "numerous" times when he visited physicians and with family members. Compl. ¶ 60. On June 12, 2002, defendant Epp stated that "[i]nvestigation reveals that [the plaintiff was] revaluated by the MSP in the clinic regarding [his] accommodations and they have not changed since 12/06/00." Compl. ¶ 28.

On April 21, 2003, Defendant Mathai cancelled the plaintiff's accommodation. The plaintiff claims that he reported for a psychiatrist call-out on that date to be considered for placement in the assaultive offender group. To be considered, he had to report to the "SMT Med/Psych" building. He arrived and was stopped by Steven Hood, a yard sergeant who no longer is a defendant in this case, who told him that gym shoes were not allowed in the building. When he reported that he had a special accommodation, Hood ordered him to retrieve the notice from his cell and report back. The plaintiff complied and then saw that Hood had his medical file. Hood then took the notice, placed it with the file, and stated, "you will not be getting this back!" Compl. ¶ 17. The plaintiff was then led to defendant Mathai's office, even though there was no appointment scheduled. Mathai then told the plaintiff, "I have reviewed your records and I am cancelling your 'special accommodation notice' to wear 'gym shoes.'" Compl. ¶ 19.

The plaintiff claims that Dr. Mathai cancelled the accommodation under orders of custody staff, especially Sergeant Hood. He also alleged in his complaint that "Defendant Mathai cancelled plaintiff's notice [for a shoe accommodation] on orders from defendant Hood [a]nd issued no substitute plan for care of plaintiff who had a medical foot condition . . . ." Compl.¶ 56. Dr. Pandya

at the defendant's new facility later stated that this cancellation was appropriate. The plaintiff alleges:

> 58. Plaintiff has previously filed grievances regarding health care staff's inactions toward him, and mainly against defendant Mathai. While a physician assistant listed facts that plaintiff was going to hire a lawyer against medical staff in his 8/29/02 medical progress notes in violation of policy . . . .
> 59. Such inactions on plaintiff's behalf demonstrate why defendant Mathai gladly cancelled plaintiff's notice to wear gym shoes on orders from defendant Hood without resistance.
> . . .
> 63. Therefore, based on these facts medical staff defendant(s) Mathai, Lee, Roth, and Epp exhibited retaliation against plaintiff because he had filed previous grievances against their department.
> 64. And these facts are substantiated as medical staff failed [to] provide medical evidence that plaintiff should [have] retained his gym shoe notice. Instead of allowing custody staff defendant Hood with no medical training, to be on the prowl seeking candidates to escort to medical staff to have their notice cancelled when plaintiff had a permanent medical foot condition.
> 65. And based on these inactions, defendant(s) Mathai, Lee, Roth, and Epp are liable for actions implored to retaliate against this plaintiff. . . .
> 66. Plaintiff had a constitutional right to file grievance(s) and be free from retaliatory punishment while doing so. And enduring any acts that exhibited retaliation and a denial of equal protection of policy and state or federal law, and violates plaintiff['s] first amendment right exhibiting retaliation.

Compl. ¶¶ 58-66.

The plaintiff filed a number of grievances shortly after his accommodation was cancelled. One such grievance was 03-04-02613-12Z, where he complains

> Dr. Mathai was delighted to cancelled [sic] this [special accommodation] Notice for Sgt. Hood, [sic] because this Prisoner had filed a number of grievances against her. . . . And as this Prisoner is [sic] already had filed a Civil Rights litigation against the Warden H. White, such inactions by Staff are a violation of Policy, as these retaliatory acts are projected against this Prisoner. And also because he has filed Grievances against Staff. . . .
> As this Prisoner has a Foot condition that will never allow him to wear "State Shoes." And has a number of Grievances pending about his Foot condition. This Prisoner arrived at SMT wearing Gym Shoes on transport, on 5/31/02/ And was not accessed for any "Special Accommodation Notice," per PD 03.04.100 (3)(j), and his Notice was not cancelled, as explained to the Corrections Ombudsman. And as SMT

> has not provided him with any "Foot Care," Dr. Mathai now cancels his Notice. When at any of the other visits this Prisoner has had with Dr. Mathai, per PD 04.06.160 (D), she had not cancelled this Notice. Therefore supporting that her actions on this date were to appease Sgt. Hood, and project retaliation and harassment toward this Prisoner.

[dkt. #11, p. 51]. This grievance was processed through stage three, the final level within the prison system.

On April 25, 2006, the plaintiff filed a complaint alleging four causes of action against several prison officials: (1) deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment when the plaintiff's special accommodation for gym shoes was discontinued; (2) retaliation against the plaintiff for filing grievances; (3) retaliatory transfer from the Parnall facility to the MDOC's Deerfield facility; and (4) deliberate indifference when the plaintiff was transferred to a facility that could not meet his serious medical need for a toilet in his room.

Counts one and three were dismissed by the Court on the merits, and the dismissal was affirmed by the Sixth Circuit. Counts two and four were dismissed for failure to exhaust administrative remedies. The dismissal of counts two and four was reversed by the Sixth Circuit in light of *Jones v. Bock*, 549 U.S. 199 (2007). After remand, the case once again was referred to Magistrate Judge Binder to conduct pretrial proceedings. Ultimately, as a result of further motion practice, including motions to dismiss for failure to exhaust administrative remedies, the case against the remaining defendants save defendant Mathai was dismissed, and the deliberate indifference claim against that defendant was dismissed, leaving only the First Amendment retaliation claim against her.

Dissatisfied with that result, defendant Mathai filed a motion for reconsideration in April 2010. The Court appointed counsel for the plaintiff and ordered a response to the motion. The Court denied that motion and scheduled the matter for trial on December 14, 2010. Due to inclement weather, the Court was not able to assemble a jury venire of adequate size, so trial was adjourned to January 4, 2011. However, on the scheduled trial date in December, the Court resolved some disputed matters at the parties' request.

One matter for resolution, as presented in the joint final pretrial order, was the scope of the retaliation allegations as presented by the complaint. The plaintiff framed the issue for trial as whether the defendant violated the First Amendment by cancelling the plaintiff's shoe accommodation and not ordering alternative treatment for his foot condition in retaliation for filing grievances against her, not failing to provide alternate foot treatment. The defendant asserted that the act of retaliation must be limited to cancelling the shoe accommodation because the plaintiff never pleaded the allegation that the defendant failed provide alternate treatment.

The Court denied the plaintiff's oral motion to amend the complaint but ruled that the allegations in the complaint were broad enough to include a theory of the case as characterized by the plaintiff. The Court based its ruling on the latitude afforded *pro se* filers, like the plaintiff, and the actual language in the complaint stating that after cancelling the plaintiff's shoe accommodation, "Defendant Mathai . . . issued no substitute plan for care of plaintiff who had a medical foot condition . . . ." Compl. ¶ 56. The Court was mindful that the parties also had addressed that theory of liability in the several motion papers that had been filed, and the defendant could not have been surprised that the plaintiff intended to proceed to trial on the claim so characterized.

II.

The defendant's latest motion purportedly addresses a "recently added claim." Based on the inaccurate contention that theory of liability was recently added, the defendant proceeds to attack it on procedural grounds, contending, once again, that the plaintiff did not exhaust administrative remedies by filing a grievance. This defendant raised that claim unsuccessfully in a motion filed November 14, 2007.

The Prison Litigation Reform Act prohibits the filing of lawsuits alleging a violation of federal law "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In 2006, the Supreme Court interpreted this provision to bar suit unless the prisoner presented his grievance to the state administrative appeal system within the deadlines set by the state. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Bock*, 549 U.S. at 218.

The Court and the parties have been down this road before. Everyone agrees that the MDOC has a policy directive applicable to prisoners who wish to file grievances against prison officials, and the Court has discussed that protocol in prior opinions filed in this case. The Court has already found that the plaintiff exhausted the claims presently before the Court by engaging the prison's grievance system through its final stages. That order was entered June 24, 2008. The defendant's effort to seek reconsideration of that ruling is woefully out of time.

Even if the matter were fresh and properly raised at the present time, the record does not support the defendant's contention that the plaintiff failed to raise the matter in a grievance. As noted above, the plaintiff's grievance 03-04-02613-12Z states, among other things, that the prison

"has not provided him with any 'Foot Care,' [and] Dr. Mathai now cancels his Notice . . . ." [dkt. #11, p. 51]. As the Court noted in an earlier order, the grievance was processed through all the available stages before the present lawsuit was filed.

The defendant apparently seeks to avoid the finding that she has not established the defense of failure to exhaust as a matter of law by characterizing the Court's ruling on December 14, 2010 as allowing the plaintiff to "recently add[ a] claim." The Court plainly ruled, however, that the plaintiff's liability theories are included in the complaint as originally filed. The defendant's effort to recast this ruling as allowing a new theory of liability mischaracterizes the proceedings, the Court's prior ruling, and the state of the record.

The defendant has filed two motions for summary judgment, a motion to dismiss (which she withdrew as meritless after the plaintiff filed an answer to it), a motion for reconsideration, and now the present motion to dismiss or for summary judgment. The Court certainly admires zealous advocacy, but the present motion crosses the line separating zeal from vexatious practice. The defendant has attempted to manufacture grounds for yet another round of motion practice by misrepresenting this Court's ruling and asserting arguments that are not based on the record of the proceedings in this case, filing the motion several days after the Court's oral pronouncement, apparently in an effort to delay or avoid a trial on the merits of the claim that survives in this case.

The Court has discretion to award attorney's fees, costs, and expenses against "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "Under § 1927, a court must review whether the attorneys engaged in conduct which multiplied the litigation unreasonably or vexatiously." *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001).

Under this provision, a court may impose sanctions "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). A finding of bad faith is not necessary under section 1927. *Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007). "Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under § 1927." *Riddle*, 266 F.3d at 553. Rather, "'[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Ibid.* (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). The primary goal of 28 U.S.C. § 1927 is deterrence and punishment. *See Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 647 (6th Cir. 2006). "As with a Rule 11 sanction, district courts have broad discretion in deciding upon a sanction award under § 1927." *In re Meier*, 223 F.R.D. 514, 520 (W.D. Wis. 2004).

The Court has addressed the present motion before the plaintiff has responded, in the interest of clarifying the state of the litigation in light of the impending trial date. Consequently, the Court is not yet aware whether the motion has caused plaintiff's counsel to incur additional expenses. It would be inappropriate, therefore, to render a decision under section 1927 at this time. However, the Court will reserve the question of sanctions until after trial and consider a proper request at that time.

### III.

The Court finds no merit in the defendant's latest motion to dismiss or for summary judgment. There is no basis in the record to support the defendant's assertion that the Court allowed

the plaintiff to recently add a claim. The question of exhaustion of remedies in this case was resolved over two years ago. Repeatedly raising issues in this litigation when no apparent merit supports the filings is vexatious.

Accordingly, it is **ORDERED** that the defendant's latest motion to dismiss or for summary judgment [dkt #169] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: December 27, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 27, 2010.

s/Deborah R. Tofil  
DEBORAH R. TOFIL